Okay, thank you for negotiating a good solution to our argument. We appreciate that very much. And let's go ahead and get started. This is 23-6125 and 24-6006 Universitas Education v. Avon Capital. And I think Mr. Sandberg, you may proceed. Thank you very much. May it please the court, good morning. I'd like to start out by saying it's very much an honor for me to be here. I also want to thank the court for giving us extra time since oral arguments are being consolidated. And additionally, I'd like to reserve four minutes. Much of what we're going to talk about today, and I'd like to focus on jurisdiction largely, and rely on our briefing for the issues that are not reached. But when we think about jurisdiction, there's two related concepts. The first is the mandate rule, which is that the district court must comply with the mandate. And that is a corollary to the law of the case. And so we expect the district court to frankly obey and carry forward with this court's prior ruling from August of 2023. And that's going to run through a lot of the discussion today. Additionally, when we look at issue number one, this court did not issue its mandate in the first appeal until September 2023. The district court issued orders before that. And case law is very clear that it is the issuance of the mandate that transfers jurisdiction from this court back to the district court. And because the district court lacked jurisdiction, because the mandate had not yet issued, those orders issued before the mandate are void. How do you address the argument that the district court retained jurisdiction to effectively modify an injunction under Rule 8? And that's what occurred here. It was a modification of its preliminary injunction preventing the dissipation of assets, whatever. Well, the problem with that, Your Honor, is that the 2021 injunction and the orders that were issued after December 3rd, 2020 were clearly void. And so when this court issued its opinion, both in July and then in August, the court wasn't in a position to then enter an injunction. There were no claims before the court. The court lacked subject matter jurisdiction. But couldn't a party file something during that appeal period in the district court seeking a preliminary injunction, even in the first instance? Well, it wouldn't have been a preliminary injunction, Your Honor, because a judgment had been entered back in 2021. Now, this court held that the judgment was void. So it wasn't proper to enter a preliminary injunction at that point. There were no parties and there were no claims. There were no pleadings. And there was no service on the appellants. So it was entirely improper for a number of reasons, Your Honor. So in any event, wrapping up the issue about the mandate not having been issued, the district court lacked jurisdiction because the mandate wasn't issued. I mean, what do you do with the idea, though, that the district court didn't actually do anything prior to the issuance of the mandate? I mean, maybe the district court made everybody come to court and appear, and the district court decided to enter a non-effective order that was going to become effective upon issuance of the mandate. I mean, he didn't really violate the mandate. He didn't purport to do anything before the mandate issued. Well, if I may, Your Honor, actually the district court issued two orders. There was one that reinstated its prior injunction. And then in addition to that, shortly afterwards, ordered that the parties come to a status conference. But let me ask you about the first one. The first one was conditioned upon entry of the mandate. That's not my recollection.  So the second order, I mean, certainly he didn't condition the status conference or the pretrial conference or whatever you want to call it based on pending issuance of the mandate, did he? No, Your Honor. We were just called to court. All right. But the problem became this. By reinstating the injunction at a time when the mandate had not yet issued, the district court lacked jurisdiction because the mandate hadn't yet issued. Okay. I want you to assume something for me. Assume I'm right and you're wrong and that he did reinstate his prior orders subject to entry of the mandate. At that time, I mean, his reinstated orders had no effect on you. My recollection is that one order was – one order reinstated and was to be effective when the mandate issued. Okay. I mean, that's the same thing, isn't it? Well, I – I mean, it's nothing until the – I'm reinstating my order, but it's not going to be effective until the mandate issues. And if I may, Your Honor, that was the order that essentially entered judgment again. That was not the injunction order as I remember it. So – So the 8-7, the August 7 order, he did not condition it. That is – I think that's right. That is my recollection, Your Honor. And the 8-15 order is conditioned. That is my recollection, Your Honor. I am getting old. Sometimes my memory fails me, but – I think that's right. So we then look at issue number two. And the prior order from this court held that there was no longer a case or controversy. The claims became moot December 3, 2020. And at that point in time, and this court also held at the time, that the district court lost subject matter jurisdiction. Well, if there's no longer a case or controversy, the claims are moot, the district court has lost subject matter jurisdiction, it's also lost personal jurisdiction. The appellants aren't even properly before the court. And nothing occurred afterwards to place the appellants before the court, just as nothing occurred afterwards to reinvest subject matter jurisdiction somehow in the district court. Well, there was the refiling of the judgment. Well, there was an attempt at, Your Honor. Right. And – excuse me. I mean, just to add a little more depth to that, you know, we're in a post-judgment proceeding. You know, it's a collection action basically in federal court applying Oklahoma law. And I think if I understand your position correctly, there has to be a new case started and then a judgment filed in that case under Oklahoma law. And then what happened here was incorrect because you can't refile in a case where the jurisdiction's been eliminated by the mootness argument. That's correct.  That is correct, Your Honor. But if I may add to that, there's also a law of the case issue on this particular argument. And the law of the case is this. In its August 2023 order, this court expressly refused to extrapolate. And I use the word extrapolate accurately. That's what that order says. TerraCorp, the TerraCorp opinion to the facts of this case. And what we see in the TerraCorp opinion out of the Oklahoma State court system is that a judgment that was still a valid judgment in the jurisdiction where it was entered could be registered a second time and was registered a second time, but it was in a separate case. And so that was also similar, by the way, to the Yorkshire opinion. Is there any impediment to Universitas commencing a new case and filing the judgment? My understanding is that the judgment itself is still a valid judgment under the laws of New York. It was issued in district court, but it was in the district court in Southern District of New York. Basically, district court would be starting from zero under that scenario? That's where all cases start, Your Honor. But I really do want to emphasize this. This court refused to extrapolate TerraCorp, and that is the law of the case here. I'm sorry. Go ahead. No, you go ahead. Well, we didn't refuse to say that it couldn't apply. We just didn't apply it in that case. It's the same case, Your Honor. Well, I mean, but we really expressed no substantive opinion on that issue, did we? Well, I think you did, Your Honor, and here's why. TerraCorp, as I mentioned, the holding of TerraCorp affirmed the refiling in a second case. Universitas, in this case, was asking for validity to a refiling in the same case after the five-year window expired. And this court, by saying it refused to extrapolate TerraCorp, refused to give credence in any effect to the Universitas refiling. Well, TerraCorp and the other case that you cite, which was Yorkshire West, neither one of them even considered the issue that you're now asking us to decide, which is whether it has to be refiled in a separate case. It just so happened in both those cases it was refiled. And in both of those cases, the courts focused on the fact that the big issue is, is this judgment still enforceable in the original state or originating state, which here is New York, and still clearly enforceable up to 20 years? That's the real issue. You don't cite any case law that I could see, and I didn't find any, indicating that it absolutely has to be refiled in a separate case. And I'm not sure I would understand why it would need to be. Well, it would need to be, Your Honor, because once this court, when the cases became moot, and this court held the cases were moot. Well, we didn't say the cases were moot. I don't believe. We never said the case was moot. I thought we were pretty specific when we said that at the time of the decision in February 2021, due to the expiration of the judgment, the underlying dispute, the underlying dispute was moot. We didn't say you need to dismiss the case. We were very clear this isn't substantive ruling. I think it was pretty careful not to say that. Well, the prior order did not dismiss the case. It didn't directly dismiss it. Correct. But the court did hold that the district court lost subject matter jurisdiction. The claims became moot. Universitas no longer had a cognizable interest. And at that point, appellants aren't before the court anymore because there's no claims against us. So I think it was substantive, Your Honor, and that is the law of the case here. We're asking this panel to follow what was previously written. So if you're right, wouldn't we have remanded with instructions that the case be dismissed without prejudice? And not remand and send it back for further proceedings. Well, I think that there's more to it. And, Your Honor, you were on that panel, so I think you know far better than I what that panel was thinking. Judge McKay told me one time that the people who know the least about their case are the ones that were on the prior panel. And that's true. I would never say that. But I think in the context of what was occurring at the time, Universitas had filed, and it files this basically in almost all its motions, motions for sanctions. And it had two motions for sanctions that were pending. And so if I was, if I had a crystal ball here in front of me, I would anticipate that it would say that this court did not dismiss because the district court still would have been in a position to rule on those motions for sanctions. One of those motions was withdrawn by Universitas, and the other was denied by the district court. I have gone well over my time. Thank you very much. Thank you, Counsel. May it please the court. Francis Schneider for Avon Capital of Wyoming Limited Liability Company, and Alan Rupp, who's at counsel table, to write. I have three issues I want to address while I'm up here. First is that when the judgment that was registered expired on December 3, 2020, the court lost personal jurisdiction over Avon Capital of Wyoming and the other individuals party to the case. The burden is on the party asserting personal jurisdiction, and Universitas, the appellee, has not met its burden in showing that we are a party to this case. After the judgment was entered on August 4 correctly, August 4, 2023, Avon Capital of Wyoming filed a limited entry of appearance for the sole purpose of challenging jurisdiction, which is why we're here today. So just to be clear, that wasn't an assertion or a voluntary appearance into the case after the August 2023 decision. The second item I want to address is appellants jointly briefed all issues in this consolidated appeal, except for the appeal that Avon Wyoming filed in response to the district court's modification of the injunction over Avon Capital of Wyoming and Avon Capital of Wyoming's interest in SDM holdings. And that has to do with a district court does not reacquire jurisdiction over matters involved in appeal until the circuit court has issued a mandate on those matters on the appeal. Applying that principle to this current consolidated appeal, the district court did not have jurisdiction necessary to modify the injunction over Avon Capital of Wyoming and Avon Capital of Wyoming's interest in March of this year. The third issue I want to hit on is the receivership. The jurisdiction issues we're discussing today in both of these consolidated appeals, they permeate across both consolidated appeals. And so if the court finds in favor of appellants on those jurisdiction issues, then there's nothing to be resolved on the orders that issue in this consolidated appeal or that consolidated appeal pertaining to receivership, because they would be nothing more than advisory opinions. That's all I have, Your Honor. Let me ask you a question while you're up there. So we've had some cases, some of which involve like minor children, where they were 16, 17 years old when a case was filed, class action type lawsuits. And the class representatives aged out, leaving no party available to pursue the case. And so there's no one withstanding left to pursue a case. And the arguments come up, well, there's no standing. The case has to be dismissed. But we've allowed maneuvers for them to cure that by substituting in plaintiffs who were under the age of 18. For example, I mean, there are other instances, but this is an example. In this case, you have an expired judgment. By the way, I looked back at Terracorp, and Terracorp didn't say you could not refile a judgment. But this case had a expired judgment presumably causing there to be, you know, the person pursuing it to have no standing, right? Do you agree with that? That's correct. Yeah. So, I mean, why doesn't it revive the case if they just file a new judgment? I mean, because clearly in some instances we're not required to just dismiss it and make them start completely over. I want to point out two things in response to that, Your Honor. First is, once the court lost Article III jurisdiction and the case was no longer alive and there was no live controversy and it was moot, we believe at that point that there's nothing more to be determined in that case than that case number. Because once you lose such a matter of jurisdiction, you just magically regain it. The second thing I would say with respect to Terracorp and Oklahoma. But we have, just as Judge Carson says, we actually have held, and so has the U.S. Supreme Court, that you can temporarily lose jurisdiction and regain it in the same action. We have held that. I would point to, with respect to applying, the procedure and execution applies to the state law. And here, Oklahoma's statutes have expressed provisions on how you re-register a judgment. But what I want to point to, actually, is after this court entered its August 4, 2023 order, Appalese, Universitas, actually sought to re-register the judgment in a new case number. But they stopped short of that only because the district court decided to go ahead and re-enter all these orders, assuming it regained jurisdiction. And so that case was administratively closed by the court, right? I believe that may be the case. Yes, Your Honor. I'm going to ask Judge Timkovich to indulge you with a little more time since I'm taking you to the end here. Absolutely. I'm here for you. So it seems to me that when you have a situation where another case is opened, they're going to file in that case, the district court basically accepts the filing in the live case, or as you contend, the not live case, and then administratively closes the new case number, that it seems really form over function to pour them out on the basis that you suggest. Well, two things. First, I don't believe subject matter jurisdiction is a matter of form. I think that's a very important aspect of this. Once you lose it, you lose it. Well, how about this? You agree that if they would have filed it in the new case and everything would have been in the new case, that there would have been subject matter jurisdiction. You don't disagree with that, do you? Your Honor, had they properly followed the Oklahoma statute and properly registering the judgment with an authenticated version of it, and they properly served the parties and made them part of the case, then yes, that road could be traveled. Okay. So, I mean, there is a bit of form to it. I mean, it's the same result. You get to the same place with the same steps. But in one case, the district court says, ah, don't worry about that other case you opened, we're just going to do it right here. And in this case, and in the other case, you would close out the case where you lost on appeal and just start fresh. I won't belabor the subject matter jurisdiction, but I'm going to talk about personal for a moment then. As mentioned earlier, Avon Capital, Wyoming, was no longer a party to that case the moment it lost. There was no longer Article III authority or jurisdiction. Universitas has not attempted to serve, even in the same case or case number, if we're talking procedure, any party to be joined to the case. And so there's no parties before that case once those claims became moot and were no longer alive. All right, counsel, thank you. Your time has expired. Mr. Sandberg, I'll give you a minute if you want. All right, let's hear from Universitas. Mr. Karam. Good morning, Your Honors, and may it please the court. My name is Joseph Karam, and I represent the petitioner appellee in this case, Universitas Education, LLC. For context, this is a long-running case that reaches numerous jurisdictions, and it involves Universitas' attempts to recover $30 million that was stolen by the convicted felon, Daniel Carpenter, with the aid of numerous lawyers, Among those shell companies was Avon Capital, LLC. In the case below, Universitas sought to garnish an insurance policy portfolio that was nominally owned by SDM Holdings, LLC, which was purchased entirely with funds stolen from Universitas and transferred through Avon Capital for that purchase. Ultimately, as this court is aware, the district court's findings that the alter egos, that all of the Avon entities were alter egos of one another, was ultimately vacated because the case had become moot at the time that the district court entered its February 11, 2021, order. Notably, however, Universitas has since refiled its judgment. It filed a notice of renewal in substantially the form prescribed under Oklahoma law, and it filed a separate case that was administratively closed afterwards. At that point, the district court reacquired jurisdiction and was able to continue the case and lead it to its ultimate end, which is where we intend to get to now. What do you think the best authority is for that point, that there was a successful revival of the case and jurisdiction was reacquired? Yes, Your Honor, we think that there's a couple interests here. The first is that Section 735 of Title 12 of the Oklahoma Statutes state that judgment may be renewed by refiling the judgment and by providing a notice of renewal, which is what occurred here. Second, we believe that Rule 69 specifically prescribes substantial compliance is sufficient in order to comply with state's procedural strictures. And there's ample case law to support that proposition. But this isn't really about, I'm sorry, not really about Oklahoma law and compliance. It's about whether once you lose jurisdiction, you can reacquire it. In an Article 3 context. In an Article 3 context. And I want the best cases for that point. Thank you. Thank you. Yes, Your Honor. To the extent that there is an issue with respect to regaining Article 3 jurisdiction, we believe that the case of Mulaney v. Anderson is at least persuasive out of the United States Supreme Court. There, on appeal for the first time, the Supreme Court was alerted to the fact that the original plaintiffs in the case likely lacked standing to pursue the case, as they were only representatives of the actual parties in interest. Instead of dismissing the case and sending it back to the district court, the Supreme Court instead joined parties that it was certain had standing to pursue those claims at the appellate level. And when it did so, it noted that to send the case back to the district court and to redo all of the proceedings that had already come before would be a waste of judicial resources and would not make any sense in the larger context of getting the case to a conclusion. So we believe that that case is largely persuasive in this case. We also believe that the Federal Circuit case, the Schreiber Food v. Beatrice Cheese, contemplated a similar situation. In that case, a party originally had standing, Article III standing, and then it transferred its rights to a patent in a patent dispute. There, it ultimately regained the rights to those patents before entry of judgment. But there was a time where the Federal Circuit noted that they did not have standing. However, the Federal Circuit concluded that because they did ultimately reacquire standing through regaining the patent before final judgment, it was able to proceed and the case was able to go to judgment. And here, because no final garnishment order has been entered, this case has not proceeded to its conclusion, despite the fact that there has been a modification of the ultimate Southern District of New York judgment to include the alter egos. Did our opinion, the second opinion in Universitas II, where we modified the language, does our opinion leave room for what you're discussing now, which is to basically say, well, you can, maybe there was a lack of jurisdiction, but it was reacquired. Yes, Your Honor. With the filing of the new registration. Yes, Your Honor. We believe that it does leave that room. Specifically, the judgment that was the new judgment that vacated the July 13th judgment, which was filed on August 4th, noted that it was only the February 11th, 2021 order that was vacated and specifically remanded the case for further proceedings. We note that in Solid FX v. Jefferson, this court found that unless discretion is specifically cabined, a court is free to continue to conduct proceedings consistent with an opinion rendered by an appellate court, which is precisely what happened here. It did, in fact, find that that February 11th, 2021 order was vacated. It further found that as a result of mootness, the first receivership was also properly vacated. And so ultimately, the court did comply with the exact requirements in the August 4th decision. And we believe that, yes, that decision did leave room open for further proceedings. And indeed, it did remand for further proceedings. Well, Munsinger, you know, the Supreme Court case in Munsinger suggests in a mootness context that dismissal is the way to go. Yes, I believe the specific language in Munsinger is that it is customary to dismiss at the time that it is found to be moot. However, that is sui generalis. There is no language in Munsinger that says it must always happen. And courts that have looked at Munsinger, including Hirschfield, note that, yes, that is generally what must happen. However, there is no strict holding in Munsinger that says it always must be dismissed and that the entire case must be dismissed. And as Universitas has noted and this court has noted, there are circumstances in which issues with standing may be cured. We believe that as a result, that's what happened here. And it was possible to continue the case. Tell us the timeline of the separate case that got filed. So there's a separate case that gets filed. Nothing's ever done with it. It ends up being closed out because the district court proceeds in the other action. Tell us the timeline and sort of the sequence of events of how all that happens. Your Honor, it's an exceedingly short timeline. On August 15th, 2023, Universitas initiated a new proceeding, a new miscellaneous proceeding for a foreign judgment in the District of Oklahoma, the same day that we had the hearing in which the court preliminarily did. Did you file the judgment in that case? Yes, we filed a copy of the judgment. And in fact, we filed a new copy of the judgment that had recently been signed by the clerk of the Southern District of New York. It had been signed, I believe, on August 11th or something to that effect. So we filed a brand new judgment that had recently been signed in that proceeding. And during arguments at the hearing on August 15th, Universitas specifically noted that to the court. So it's the same day. It is literally. It's happening the same day. You file a new case, then you go to your hearing. Yes. Okay. And on that same day, after the hearing, that case was administratively dissolved. We suspect in light of the finding that the district court found that it could properly reacquire subject jurisdiction in the same case as a result of the fact that Terracorp holds no explicit requirement that a case be filed in a different case. And the district court declined. Universitas contends correctly to read one in. Did you ask that the two cases be consolidated? Universitas did note that to the extent that the other case would go forward, that it intended to consolidate those two cases. I believe that was on the record there. But, yes, the intent was to consolidate those cases in order to, one, satisfy any potential requirements of renewal in a separate action, and two, in an attempt to ensure that all of the work that had been done in the previous case could potentially be noticed or a part of the new case, particularly in light of the fact that both Avon and SDM had more than a full and fair opportunity to litigate those issues, and they did not warrant being revisited. So Universitas does contend that under the totality of those circumstances, particularly the flexible procedures under Rule 69. Let me ask you a question. So just jumping back to this new case filing, is the transcript of that hearing in our record? Yes, Your Honor. Okay. Yes. And as I said, I do not recall specifically if consolidation was mentioned there, but I do believe that lead counsel for Universitas did make at least a passing reference to the new proceeding and the intent to see if those two proceedings could be combined. But I would be happy to supplement or send a letter pointing specifically to any language to that effect to this Court, if it so requires. I don't need it. I think I can look at it myself. To the extent the petition that appellants complained that the Court lacks personal jurisdiction, we believe that that argument, too, is unavailing. First, the only real case law that they cite for that proposition is Already v. Nike, which doesn't really include any kind of analysis with respect to personal jurisdiction. There, the Court simply found that the case was moot because Nike had filed a covenant not to sue that effectively disposed of any claims that would be filed by Already. And so they don't really provide any real case law to suggest that personal jurisdiction automatically goes away. To the extent that they claim that no further service was made, that's also not true. Universitas ultimately served a garnishy SDM, and they accepted service on the docket with a separate garnishment summons, and that was while the receivership was pending. So this is electronic service, like CMECF? Yes, Your Honor. Yeah, so you file it. It's automatically served on their counsel. Yes. And I guess your definition of they accepted it is they didn't object. They actually specifically on the docket noted that they had accepted it. Okay. Yes. That happened several months later. I believe that might have been in January of 2024. But yes, SDM did actually do that. And to the extent Avon Wyoming claims that the district court lacks jurisdiction over them, that argument is largely also unavailing. Hopper v. Wyan, this Court's precedent, specifically notes that a party may waive personal jurisdiction defenses. And while Avon Wyoming tries to hang its hat on the fact that it entered a limited appearance solely for the purpose of contesting jurisdiction, it has since sought more affirmative relief. For instance, it came in and sought the costs of the first receivership. It sought to invoke the Court's power in order for it to get paid and for it to gain monetary value. Moreover, it contested Universitas' attempt to modify the injunction despite the fact that those modifications had nothing to do with Avon Wyoming. And so we contend that by availing itself of the Court's procedures in that way, that is sufficient for Universitas to meet its burden to demonstrate that the district court is properly subjecting Avon Wyoming to personal jurisdiction. Can you repeat what you were arguing about, Rule 69? Yes, Your Honor. You mentioned it and I don't think you ever followed up. Yes, Your Honor. Specifically, we cite to Rule 69 for largely two propositions. The first is to contest the idea that under Oklahoma law, a renewal would have to happen in a different case, largely because Rule 69 permits substantial compliance with state procedural rules, as the Seventh Circuit found in Ruggiero and as this Court actually considered in the case of McCarthy, where there was procedural ambiguity in Utah law as to whether or not a renewal of a judgment could happen in the same case. And the court in McCarthy said, well, in light of the fact that substantial compliance suffices, we can do it here. The second point is in a Rule 69 proceeding that the summary judgment proceedings that transpired were sufficient to protect the due process rights of both Avon and SDM. We believe that due process, and this goes to more of the substantive arguments, unless this Court has any further questions with respect to jurisdiction. Well, let me ask you a question. The first argument you just made under Rule 69 is assuming that it was at least unclear whether you had to file in a new case. Yes, Your Honor. We believe that neither Terracourt nor Yorkshire mandate that and that it was just a function of the facts of the case, specifically the debtor moving, that required filing in a new case. Yes. So if there's nothing further, we'd like to at least address some of the substance of the case, and specifically that the district court did not err when it found that Avon, capital Wyoming, was an alter ego of the other Avon entities on summary judgment. Avon largely makes three arguments to contest this. The first is that it lacked due process in those proceedings. We believe that that argument is unavailing. First, they were the ones who put the alter ego at issue in their motion to intervene, where they specifically said, we are not an alter ego of these other entities. Certainly, they could have expected that that would become part of fact-finding or post-judgment determinations. Secondly, the cases that they cite, particularly Nichols v. Chesnoff, are in a posit. There, they cite that for the proposition that in order to satisfy due process rights, a separate case must be filed or a separate action or complaint must be filed. But in Nichols v. Chesnoff, an intervener came into a post-judgment garnishment proceeding, contending that he had a right to some of the property at issue. The Chesnoff court, this court, specifically found that that was not the case. In fact, they found that by intervening and then adjudicating his own rights as a result of that intervention, that sufficed for due process considerations. To the extent they claim that summary judgment evidence submitted by universitas was insufficient, that argument also fails. They largely point to the fact that the district court judicially noticed facts from the prior cases. However, those were largely adjudicative facts in the first instance and would be subsumed by the doctrines of collateral estoppel res judicata. And that's particularly true in light of the fact that there is evidence that Avon Wyoming participated in that action. And that evidence is specifically that Avon Wyoming submitted a declaration from Daniel Carpenter, signed in his capacity as chairperson of Caroline Financial Group. And Caroline Financial Group was only a member of Avon Wyoming. And the facts on the record demonstrate that, specifically the documentary evidence attached to universitas' motions for summary judgment as well as its motion for post-judgment discovery. To the extent that they claim that the documents submitted were admissible, that is not a relevant consideration. This court in Bryant found that they need not be admissible so long as they can be presented in an admissible manner at trial. And they do not contest that that is possible. In the same way, they claim that Mr. Chernow lacked the ability to authenticate certain documents. But once again, Jeffries versus the Metropolitan Police of Las Vegas out of the Ninth Circuit counsels that so long as authentication can happen at trial, there is no error. And here, once again, they do not suggest that authentication is impossible, rather that it was not done at the summary judgment proceeding, which, again, is not necessary. And so the district court properly found that summary judgment in favor of universitas was appropriate, particularly due to the overwhelming evidence that was presented to it in documentary form. It correctly applied the standards elucidated in Green Hunter out of the Wyoming Supreme Court and specifically found that it would be unfair, inequitable, and unjust to respect the corporate facade of Avon, Wyoming. Perhaps the most significant factor in that is that SDM was allegedly purchased by Avon, Wyoming at a time when Avon, Wyoming was administratively dissolved and used entirely funds from Avon, Nevada. And there was no apparent transfer of property back from Avon, Wyoming. There was no consideration for those funds. They maintained a lot of their assets on the same general ledger. And all of these things taken together, in addition to the history of fraud in the case, largely point to the fact that the alter ego determination was proper and that the district court did not abuse its discretion in the evidence that it considered. So I have a question about there's an issue of discovery. Somehow the district court improperly denied discovery to your opposing party. What do you say about that? Your Honor, it did not. As Daniel J. Hartwig, Associates v. Kanner, points out, a party cannot claim that a district court improperly denied discovery when that party simply sat on their hands and there were no changed circumstances. So we think there are two points at play here. First, they concede that they made their request for further discovery during summary judgment proceedings pursuant to Rule 56D. Rule 56D explicitly requires that that request be supported by affidavit or declaration. Universitas pointed out in its briefing that no such affidavit and no such declaration were filed, and that remains uncontested. So as a matter of procedure, they failed to meet the standard for requesting that supplemental discovery. The second point is that not only did they fail to do so on a procedural basis, but they had ample opportunity to seek discovery. Instead, they argued that any discovery, post-judgment discovery, violated due process, despite Rule 69's very explicit B provision that says that post-judgment discovery is appropriate in order to determine connections or who might have assets. So I'm guessing these objections came in response to you wanting discovery from them. No, these – yes, yes, that was originally where those came from. And so they resisted discovery, and then later they wanted discovery under Rule 56D. The district court also pointed to the fact that Mr. Chernow had filed declarations before, particularly with respect to that motion for discovery, and they were on notice that something like that was likely to happen again, and they did not take advantage of the discovery proceedings in order to seek that discovery in a timely fashion. I see that I've run out of time. Can I ask him one more question? Yes, Your Honor. So just one – did you get discovery? When you asked for discovery, did you get it? Yes, Your Honor. The requests were limited to several depositions because we largely had the documentary evidence with the subpoena ducis tecum. And so, yes, we were able to depose the parties we sought to depose and receive some documents from them. If I may just make one final point. Quickly. Yes. They waived their arguments with respect to the propriety of a receivership. They never addressed 12 Oklahoma 1551 below, and now try to have their cake and eat it too by saying, we did so at a time when the case was moot. And so the receivership is also proper, and they cannot point to any abuse of discretion there. And for all these reasons, Universitas respectfully urges this court to affirm all of the court orders from the district court on appeal. Thank you. Thank you. Could you give Mr. Sandberg two minutes, please? Well, again, thank you very much for your generosity regarding time. There's just a few points here to make. We're asking the court to dismiss this case, or should a remand instruct the district court to dismiss? And I would note that, you know, after remand from the August 2023 order by this court, there were no pleadings. There have never been any pleadings. But all that a potential registration of the judgment accomplishes is it puts Universitas in front of the district court. It doesn't put claims in front of the district court. It doesn't put parties in front of the district court. When this was going on, did you say, wait, judge, there are no pleadings. There's no complaint. There's no additional, there's no briefing. You're just adopting this stuff. We filed nothing. You've got to let us file some stuff. Absolutely, Your Honor. We filed motions to dismiss. So those were properly before the court, those issues. I mean, you filed motions. Was it based on the fact that the district court didn't require the filing of anything new before you adopted it? Well, it was based upon the lack of subject matter jurisdiction and lack of personal jurisdiction. It wasn't a case of anything new being filed by Universitas. Okay. I'm just wanting to make sure because it seemed just then, like part of your argument was, wait a minute, the district court just did this. He didn't even give us a chance to file anything before he did it. No. The district court allowed us to file, and we did file motions to dismiss based upon lack of subject matter and lack of personal jurisdiction. And so those issues were properly before the court. And, you know, fundamentally, this becomes a due process issue. If you're going to potentially hold, and I very much hope the court does not hold, that a mere registration of a judgment, revived claims, put parties before the district court. Go ahead and finish your thought. Thank you very much. That's not how it works. I mean, the party that wants relief files something describing what it wants and why it's allowed to get that relief. It serves defendants or respondents, and then the case moves forward from there. That's a registration of a judgment by itself solely puts Universitas in front of the court. And, in fact, when they did try to re-register, they didn't file a certificate, which is part of the statutory requirement. On a related topic, I apologize. I do want to address the standing question. Yeah, go ahead and make that point and wrap up. I very much appreciate that, Judge. Thank you. This isn't strictly a loss of standing case or a patent case. Now, the patent case stands on its own because there's law that states before a judgment is issued, a loss of standing can be addressed. That's not the case here. It's not a patent case. When we look at the court's question regarding standing in a class action where the party rep has aged out, that is really more of a construct to accept that litigation in those cases takes a certain amount of time, and we all hope that people continue to get older over that time period. And so that's why the courts have allowed in that very specific context, should someone age out, a substitution of parties. And the key is substitution of parties as a means of addressing loss of standing. That is not what we have here. This is not a substitution of parties, and it's not a temporary loss of standing. Universitas can put itself in front of the district court and has put itself in front of the district court, but that doesn't address the mootness. It doesn't address the Article III issue. I really do have to thank you for all your time today. Thank you. You're welcome, Counsel. We appreciate the arguments. It's a very interesting and difficult case. You're excused, and the case is submitted. Thank you, Your Honor.